## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **LUSANGA LUSANGA** | **CASE NO. 6:19-CV-00062 SEC P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **INDALECIO RAMOS ET AL** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Currently before the court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241 by Petitioner, Lusanga Lusanga. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

### I. Factual Background

Respondents show, in an affidavit by Richard A. Brooks, the Assistant Field Office Director of the United States ICE facility in Oakdale, Louisiana, that Lusanga, a native and citizen of the Democratic Republic of Congo, entered the United States as an Asylee on July 8, 1993. (Rec. Doc. 3-1). He was convicted on a robbery charge and on August 31, 2012, an Immigration Judge issued an order of removal from the United States. *Id.* On January 13, 2012, an Appeal to the Board of Immigration Appeals was dismissed and a petition for review was denied by the United States Court of Appeals for the Second Circuit on November 1, 2018. *Id.*

He was released on an Order of Supervision but taken back into ICE Custody on July 31, 2018. *Id.*

A Decision to Continue Dentition as issued on November 1, 2018, which provided that ICE was working with the Government of the Democratic Republic of Congo to obtain a travel document and that travel document was expected. [Rec. Doc. 3-2] A second Decision to Continue Detention was issued on January 23, 2019. [Rec. Doc. 3-3]

In February 12, 2019, a travel document, valid until May 2019, was issued. [Rec. Doc. 3-4] On March 21, 2019, Petitioner refused to board a commercial airline on a non-escorted removal attempt. [Rec. Doc. 3-1] On April 23, 2019, Petitioner refused to board the departure flight from Nairobi, Kenya to Kinshasa, Democratic Republic of Congo on an escorted removal attempt. [Rec. Doc. 3-5]

## II.   Law and Analysis

Petitioner challenges his detention pending removal. The statute applicable to the detention of aliens under final orders of deportation, 8 U.S.C. § 1231(a)(1(A), and, thus, applicable to Petitioner, provides that the Attorney General has 90 days after an order of removal becomes final in which to effect an alien's removal. The removal period begins on the latest of the following: 1) the date the removal order becomes administratively final; 2) the date of a court's final order if the removal order is judicially reviewed and the court orders a stay of the removal of the alien;

or 3) the alien is released from detention or confinement (except under an immigration process). 8 U.SC. § 1231(a)(1)(B).

Although ICE has 90 days to remove an alien after he is ordered removed under 8 U. S. C. § 1231 (a) (1) (A), the Supreme Court has held that § 1231 permits the detention of criminal aliens beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. The presumptively reasonable six-month removal period begins with the beginning of the removal period, when the order of removal becomes final. *Zadvydas v. Davis*, 285 F.3d 398, 403 (5th Cir. 2002), *citing Zadvydas v. Davis*, 533 U.S. 678 (2001); *see also, Guo Xing Song v. U.S. Attorney General*, 516 Fed. Appx. 894, 899 (11th Cir. 2013); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n. 3 (11th Cir. 2002); *Idowu v. Ridge,* 2003 U.S. Dist. LEXIS 13503, 2003 WL 21805198, *3 (N.D.Tex. 2003)(citing cases). Thus, the Supreme Court and the Fifth Circuit have both found that the presumptively reasonable six-month removal period includes the statutory 90-day removal period.

However, detention for six months does not mandate automatic release. At that point, a determination must be made as to whether there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006.) "[I]n order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six

months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2001). To meet his burden under the second prong, an alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv- 1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)). In order to shift the burden to the Government, an alien must demonstrate that "the circumstances of his status" or the existence of "particular individual barriers to his repatriation" to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future. *Id*. If the alien fails to come forward with an initial offer of proof, the petition is ripe for dismissal. *Akinwale*, 287 F.3d at 1051.

The six-month period is tolled if the alien "hampers" his deportation by, for example, initiating litigation regarding the validity of the deportation order or obstructing the INS from obtaining travel documents. *Daniel v. Holder*, 2015 U.S. Dist. LEXIS 125303, *3 (W.D. La. August 18, 2015). When the actions of an alien prevent the INS from effecting deportation, delaying tactics do not support the alien's claim for release from deportation. *Id*. An alien is not entitled to relief for a delay that he himself has intentionally caused by deliberately obstructing his otherwise imminent deportation; it would be inequitable to allow him to benefit from that

4

delay. *Id*. (citing *Balogun v. I.N.S.,* 9 F.3d 347, 351 (5th Cir. 1993); s*ee also Mytyuk v. Young,* 347 Fed.Appx. 50, 51 (5th Cir. 2009); *Benn v. Bureau of Immigration and Customs Enforcement*, 82 Fed.Appx. 139 (5th Cir. 2003) (Benn's incomplete and conflicting statements to the INS hampered the INS's ability to effectuate removal and served to extend the removal period).

In the case at bar, the petitioner has refused to board the plane on two occasions. With valid travel documents from Democratic Republic of Congo, the petitioner who is subject to a final order of removal refused to board the plane on March 21, 2019, and April 23, 2019. This Court agrees with the Government's contention that the delay in Petitioner's removal has been due to his actions. "The detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock." *Hook v. Lynch*, 639 Fed. Appx. 229 (5th Cir. 2016); *Daniel v. Holder*, No. 1:15- CV-00067, 2015 WL 5553670 at *2 (W.D. La. Aug. 18, 2015)("Daniel's continued detention has been due to Daniel's own obstructive actions in twice refusing to board the aircraft for removal, and Daniel's obstructive efforts served to extend the removal period."); *Kharash v. Holder*, No. 14-0648, 2015 WL 920796, at * 6 (W.D. La. March 3, 2015)("In sum, by refusing to board flights to his home country on three occasions, petitioner has acted to prevent his removal. As such, the removal period is suspended.").

As Lusanga has not shown there is no significant likelihood of his removal in the reasonably foreseeable future, he is not entitled to relief under *Zadvydas*. Accordingly, his request for release should be denied and dismissed with prejudice. For these reasons,

**IT IS RECOMMENDED** that this petition for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE in Chambers on this 11th day of June, 2019.

Patrick J. Hanna
United States Magistrate Judge